IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-60,990-01






EX PARTE JULIUS TURNER, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER 26748-A IN THE 3RD

JUDICIAL DISTRICT COURT ANDERSON COUNTY 



 



 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant was convicted of two counts of aggravated sexual assault of a child. His
punishment was assessed at two concurrent terms of life in prison. Applicant's direct appeal
was dismissed in an unpublished opinion because notice of appeal was not timely filed. 
Turner v. State, No. 12-04-00272-CR (Tex. App.--Tyler, delivered September 22, 2004).

 In this application for a writ of habeas corpus, Applicant contends that his trial
counsel was ineffective for failing to file a timely notice of appeal. This case was previously
remanded to the trial court to obtain an affidavit from trial counsel addressing this claim. 
Trial counsel has supplied an affidavit, which has been included in the supplemental record
to this Court. In his affidavit, trial counsel states that he was appointed to represent
Applicant, that Applicant pled guilty to two counts, that a PSI was ordered, that the plea was
open as to punishment, and that the trial court sentenced Applicant within the punishment
range. Trial counsel also states there were no pre-trial rulings on which to base an appeal and
that there is a presumption that the trial court did not consider any inadmissible evidence
sentencing Applicant. Last, counsel states that "After the sentence, [Applicant] made no
comment or request to me in any manner as far as appealing his case. I did not file Notice
of Appeal because [Applicant] never requested that I do so." However, counsel does not
state whether Applicant was ever made aware of his right to an appeal. 

 Thus, it is this Court's opinion that additional information is needed before this Court
can render a decision, specifically, whether, when, and how Applicant was made aware of
his right to pursue an appeal, as well as, by whom and when notice of appeal was filed. 
Because this Court does not hear evidence, though, the trial court is the appropriate forum. 
Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960). 

 The trial court shall resolve these issues as set out in Article 11.07, Section 3(d), of
the Texas Code of Criminal Procedure and shall supplement the record a second time with
a second affidavit from trial counsel that addresses the above issues. It is further ORDERED
that the trial court shall make findings of fact and conclusions of law regarding whether
Applicant was informed of his appellate rights and whether Applicant expressed a desire to
pursue an appeal, as well as, any further findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's application for habeas corpus relief. 
The trial court may also order depositions, interrogatories, or hold a hearing. In the
appropriate case, the trial court may also rely on its personal recollection.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 45 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law shall be returned to this Court within 60 days of the
date of this order. (2)




DELIVERED: June 7, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.